IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO AMEND** |
| | ) | **DETENTION ORDER FOR RELEASE TO** |
| vs. | ) | **TREATMENT** |
| | ) | |
| Rickie Allen Olheiser, | ) | Case No. 1:23-cr-213 |
| | ) | |
| Defendant. | ) | |

On November 21, 2023, the court issued an order detaining Defendant pending trial with the caveat that his name would placed on the waiting list for a residential reentry placement. (Doc. No. 69).

On February 8, 2024, the court issued an order conditionally releasing Defendant to the Prairie Recovery Center's ("Prairie Recovery") inpatient treatment program. (Doc. No. 344). On April 9, 2024, the court issued an order amending Defendant's release conditions to allow him to transition to an approved residence in Dickinson, North Dakota, upon his discharge from Prairie Recovery's inpatient treatment program. (Doc. No. 380).

On November 18, 2024, the Pretrial Services Office submitted a petition charging Defendant with violating his release conditions. (Doc. No. 513). On November 22, 2024, the court held hearing on the petition during which Defendant admitted to violating his release conditions as alleged. (Doc. No. 521). Noting Defendant's admission and finding there were no available alternatives to detention, the court remanded Defendant to the custody of the United States Marshal. (Doc. No. 522).

On January 10, 2025, Defendant filed a Motion to Amend Detention Order for Release to

1

Treatment. (Doc. No. 544). He advises that he has been accepted back into Prairie Recovery's inpatient treatment program. He further advises that he has a medical appointment at Sanford Dickinson at 3:00 p.m. on Wednesday, January 15, 2025, to have lab work done related to a potentially serious medical condition. He requests to be released to his mother on January 15, 2025, for transport to his medical appointment at Sanford Dickinson with the understand she will transport him to Prairie Recovery on January 16, 2025, and house him in the interim.

There being no objection from the United States, the court **GRANTS** Defendant's motion (Doc. No. 544). Defendant shall be released to the custody of his mother, Donna Weflen, at 12:00 PM on January 15, 2025, for transport to his medical appointment in Dickinson and then to the Prairie Recovery by 10:00 AM on January 16, 2025. Defendant's release shall be subject to the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)  Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6)  Defendant shall not knowingly or intentionally have any direct or indirect contact with witnesses or co-defendants, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(7)  Defendant shall reside with his mother until transported to Prairie Recovery on January 16, 2025, and thereafter reside at Prairie Recovery, fully participate in its programming, and comply with all of its rules and regulations.

(8)  Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Prairie Recovery OR to communicate with Prairie Recovery staff about his progress in the program.

Any passes allowed by Prairie Recovery must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Prairie Recovery's treatment program, he must surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of his anticipated completion date so the court may schedule a hearing to review his release status.

(9)  Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer.  Failure to submit to a search may be grounds for revocation of his release.

        Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(10)    Defendant shall not obtain a passport and other foreign travel document(s).

(11)    Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Service Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(12)    Upon arriving at Prairie Recovery, Defendant shall contact Pretrial Services Officer Skylar Soupir at (701) 530-2416.

If Defendant's mother is unable to transport Defendant to his medical appointment on January 15, 2025, Defendant shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2025.

                                              */s/ Clare R. Hochhalter*
                                              Clare R. Hochhalter, Magistrate Judge
                                              United States District Court